IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIMACO, LLC, a Colorado Limited
Liability Company,

        Plaintiff,

vs.                                                                     No. CIV 97-1468 MV/LFG

MAISON FAURIE ANTIQUITIES, a
Sole Proprietorship operating
in New Mexico, and ROBERT FAURIE,
an individual,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Plaintiff's Motion for Order Awarding Attorneys' Fees and Expenses, filed March 15, 1999 **[Doc. No. 57]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed finds that the motion will be **GRANTED**. Specifically, the Court will award Plaintiff attorneys' fees and expenses but will reduce the requested amount.

### BACKGROUND

Plaintiff's Complaint asserted the following causes of action: Count I--Breach of Express and/or Implied Contract and Promissory Estoppel; Count II-Breach of Implied Covenant of Good Faith and Fair Dealing; Count III-Fraud-Intentional/Negligent Misrepresentation; Count IV-Unfair Trade Practices; Count V-Interference with Prospective and Advantageous Economic Relations;

1

Count VI-Civil Conspiracy; and Count VII-Prima Facie Tort. Plaintiff also sought punitive and/or treble damages based on the allegations that the Defendants acted intentionally, maliciously, recklessly, and with a wanton disregard for Plaintiff's rights. The case went to jury trial in early February of this year. The Court entered a directed verdict on Counts III, V, VI, and VII. On the remaining Counts I, II, and IV, the jury awarded Plaintiff, MIMACO, $20,000 in damages on February 11, 1999, for Defendants' breach of contract, breach of the covenant of good faith and fair dealing, and violation of the Unfair Trade Practices Act. The jury found that the Defendants' breach of contract was not malicious, willful, reckless, wanton, or in bad faith; and that Mr. Faurie's conduct was not willful with regard to the Unfair Trade Practices claim. Now, Plaintiff argues that the jury's finding of liability under the New Mexico Unfair Trade Practices Act entitles it to recover its' attorneys' fees and expenses in the amount of $100,547.80. Defendants contest the award of attorneys' fees and request that this Court reduce or deny the award of costs to Plaintiff.

## ANALYSIS

Plaintiff asserts that it should be awarded $100,547.80 in Attorneys' fees and expenses because it prevailed at trial on its claim that Defendant violated the New Mexico Unfair Trade Practices Act. The Act provides that: "[t]he court *shall* award attorneys' fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if he prevails." N.M. Stat. Ann. § 57-12-10(C) (emphasis added). Despite the plain language of the Act, the Defendants argue that Plaintiff's request should be denied because only three out of Plaintiff's seven causes of action were submitted to the jury and because the damage award did not meet the jurisdictional requirement.

"The New Mexico Unfair Trade Practices Act mandates an award of costs and attorney's fees to prevailing plaintiffs." *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Company*, 170 F.3d 985, 994 (10th Cir. 1999); N.M. Stat. Ann. § 57- 12-10(C). This is mandatory, not discretionary. *Id.*; *see also Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1403 (10th Cir. 1993); *Hale v. Basin Motor Co.*, 110 N.M. 314, 321-22, 795 P.2d 1006, 1013-14 (1990). A party is deemed a "prevailing party" if he "succeeds on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) (discussing 42 U.S.C. § 1988). Thus, the Court must award both attorney's fees and costs to Plaintiff, who prevailed on its Unfair Trade Practices Act claim. *Woodworker's Supply*, 170 F.3d at 994.

However, the amount requested here, over $100,000, is excessive and unreasonable. This was an exceedingly simple case, yet one bogged down with utterly meritless claims like prima facie tort and civil conspiracy. Although Plaintiff prevailed on three counts, it failed on four. More particularly, this was not a case that required the presence of two attorneys during trial. The Court finds that much of the work preformed during court hours by attorney Donald A. DeCandia and attorney Daniel W. Long was duplicative in nature. An analogous situation occurred in a recent Tenth Circuit Court of Appeals case. *See Karnes v. SCI Colorado Funeral Services, Inc.*, 1998 WL 879261 (10th Cir.) (unpublished disposition). In *Karnes* the court concluded that the work done by multiple attorneys on plaintiff's team was duplicative. *Id.* Specifically, the court found the preparation of two attorneys for cross-examination and assistance in jury selection overlapped, and therefore reduced the plaintiff's request of $96,540.84 in attorneys' fees and costs to $59,175.70. *Id.*

3

Likewise, the Court agrees with Defendants that Plaintiff in this case should not be awarded the full $100,547.80 in attorneys' fees and expenses requested here. Pursuant to the New Mexico Unfair Trade Practices Act, the Court will award Plaintiff attorneys' fees and costs. However, the Court finds the amount requested here unreasonable. Therefore, all of the duties performed by Daniel W. Long, the second attorney at trial, described in the "trial prep & trial" section of the Affidavit **[Doc. No. 59]**, totaling $17,870.50, have been subtracted from the $100,547.80 request as the Court finds this work to be largely duplicative. Further, any expenses which were excessive in nature, such as expenses for e-mail, unnecessary travel, unnecessary expert witnesses, and all duplicative trial preparation work has been eliminated from the requested attorneys' fees and costs, a total of $28,461.50. Accordingly, the total, re-calculated amount that Plaintiff will receive in attorneys' fees and costs is $54,215.80.

## CONCLUSION

**IT IS THEREFORE** ordered that Plaintiff's Motion for Order Awarding Attorneys' Fees and Expenses **[Doc. No. 57]** is **GRANTED.** The Court will award attorneys' fees and costs, in the reduced amount of $54,215.80, rather than the originally requested amount of $100,547.80.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
Donald A. DeCandia
Daniel W. Long

Attorney for Defendants:
Mark J. Klecan

4