IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIMACO, LLC, a Colorado Limited
Liability Company,

        Plaintiff,

vs.

                                                      No. CIV. 97-1468 MV/LFG

MAISON FAURIE ANTIQUITIES, a
Sole Proprietorship operating
in New Mexico, and ROBERT FAURIE,
an individual,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Second Motion for Order Awarding Attorneys' Fees and Expenses filed August 24, 2000 **[Doc. No. 81]**.  The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion will be **GRANTED**.  The Court will award Plaintiff attorneys' fees and expenses, but will reduce the requested amount.

### BACKGROUND

The underlying facts of the case have been recounted in prior opinions of this Court and of the Tenth Circuit.  Therefore, the Court will simply summarize the facts briefly here.  Plaintiff commenced this action by filing a complaint advancing seven claims for relief.  The Court entered a verdict on four of those counts and the remaining three went to a jury.  On February 11, 1999, the jury awarded Plaintiff $20,000 in damages.  Plaintiff sought $100,547.80 in attorneys fees and expenses.  On August 3, 1999, the Court awarded attorneys fees in the amount of $54,215.80.

Defendants appealed and Plaintiff filed a cross-appeal. On July 31, 2000, the Tenth Circuit affirmed this Court's rulings and remanded the matter with instructions for the Court to award Plaintiff attorneys fees for litigating the appeal. Plaintiff has filed a Second Motion for Attorneys Fees and Expenses, seeking attorneys fees for all the work done after this Court's prior order awarding attorneys fees was entered.

## STANDARD OF REVIEW

"To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified School Dist. No. 233, Johnson County*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotations omitted). Defendant does not argue, and the Court does not find, that the rate charged by Plaintiff was unreasonable. Therefore, the Court will address only the reasonableness of the number of hours billed.

## ANALYSIS

First, the Court must ensure that "the winning attorneys have exercised 'billing judgment.'" *Case*, 157 F.3d at 1250 (quoting *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983)). This means that "[h]ours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party." *Id.* After examining the specific tasks and ensuring that they are chargeable, the Court must determine that the number of hours expended on each task was reasonable. *Id.* The Court is not required to identify and justify every awarded hour or to "'announce what hours are permitted for each legal task.'" *Case*, 157 F.3d at 1250 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)).

The Court finds that the amount of fees that Plaintiff has requested is, again, unreasonably

high.  Specifically, the Court finds that Plaintiff's counsel spent an unreasonable number of hours preparing the motion for attorneys fees and the motion for clarification of attorneys fees, reviewing docketing statements, researching and briefing the appeals, researching and briefing the second appeal, preparing for and conducting the telephonic settlement conference in the Tenth Circuit, handling the motion to consolidate appeals, preparing for oral argument, and preparing the motion for attorneys fees on appeal.

Defendants correctly note that Plaintiff has sought compensation for preparing an attorneys fee request that the Court substantially reduced upon finding that it was unreasonably high.  Furthermore, Plaintiff argues in his Second Motion for Attorneys Fees that his Motion for Clarification of this Court's Memorandum and Order granting attorneys fees was a "routine post-trial" motion.  Yet, Plaintiff has sought $3,177.50 to prepare this "routine" motion.  The Court finds the amount sought on these motions excessive and will reduce the award accordingly.

Furthermore, Plaintiff's counsel contends that its attorney fee request is justified because Defendants' "dissatisfaction with the jury's verdict and this Court's rulings merely vaulted the litigation into several new phases."  Mem. in Support of Plaintiff's Second Mot., 1.  The Court finds that it would be inappropriate to punish Defendants for appealing what they believed to be an unjust ruling, nothwithstanding the fact that Plaintiff ultimately won on appeal.  Plaintiff's success justifies an award of attorneys' fees; it does not, however, justify an award that is unreasonably high.

The Court agrees with Defendants that "there is overreaching for every procedural step" outlined in Plaintiff's request.  The number of hours spent preparing for the first and second appeals was simply excessive.  Many of the hours billed also appears to be duplicative, in that

several of the same activities were billed by lead counsel, co-counsel, and two summer associates. The Court also finds that it was unnecessary to spend fourteen hours to prepare for a two-hour telephonic settlement conference and to spend seven and a half hours on an unopposed motion to consolidate. Finally, the Court finds that the number of hours billed for preparing for oral argument is excessive.

Accordingly, all of the charges for excessive hours billed and for duplicative work, totaling $30,459.00, have been subtracted from the amount requested. In addition, excsesive amounts charged for litigation expenses, totaling $228.25, have been subtracted. Accordingly, Plaintiffs will receive $35,693.11 in attorneys fees and costs.

## CONCLUSION

**IT IS THEREFORE** ordered that Plaintiff's Motion for Order Awarding Attorneys' Fees and Expenses **[Doc. No. 81]** is **GRANTED**. The Court will award attorneys' fees and costs, in the reduced amount of $35,693.11, rather than the requested amount of $66,380.36.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Donald A. DeCandia

Attorney for Defendants:
    Mark J. Klecan